**Affirmed and Opinion filed July 25, 2017.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-16-00426-CR

---

**JAMES LARRY MERRIT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1341402**

---

## O P I N I O N

A jury found appellant James Larry Merrit guilty of aggravated sexual assault of a child and assessed punishment at 20 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant contends that: (1) Texas Code of Criminal Procedure article 38.072, the criminal statute permitting admission of out-of-court statements regarding sexual abuse, is unconstitutional; (2) the trial court reversibly erred by admitting hearsay statements

of the complaining witness through the forensic interviewer; and (3) the cost bill charging appellant $140 for summoning witnesses and mileage is unconstitutional. We affirm.

## BACKGROUND

Appellant is the brother of the complainant's maternal grandmother, making him the great uncle of the complainant, Barbara.[1] In February 2012, Officer Monica Carmichael of the Houston Police Department went to Barbara's school to talk to Barbara because she was having difficulty contacting Barbara's mother about another matter. Barbara was then thirteen years old.

During their discussion, Barbara reported to Officer Carmichael that appellant had sexually abused her. Barbara told Officer Carmichael that one day in early January of that year, she went to her grandmother's house after school and was watching television in appellant's bedroom. According to Barbara, appellant came into the bedroom, locked the door, and "raped her" by putting his "dick" in her vagina. Barbara told Officer Carmichael that she had not told anyone else about the incident because she feared no one would believe her.

Officer Carmichael began investigating Barbara's allegations. She spoke with the complainant's mother and grandmother, but they did not seem concerned. Officer Carmichael also spoke to appellant, who denied abusing Barbara. As part of the investigation, Barbara was taken to the Children's Assessment Center (CAC) for an interview. At the CAC, Barbara recounted to forensic interviewer Susan Odhiambo how she had been sexually assaulted.

At trial, Barbara testified in detail about the incident and stated that appellant not only had vaginal sex with her, but had performed oral sex on her as well. The

---

[1] To protect the complainant's identity, we are identifying her by a pseudonym.

State also presented as witnesses Officer Carmichael, Odhiambo, and Dr. Lawrence Thompson, a licensed psychologist and a director of the CAC.[2]

Appellant testified in his defense, denying Barbara's allegations. The defense also presented Shelyse Brooks, a family friend, who testified that Barbara told her that she had made up the allegations against appellant. Brooks acknowledged, however, that she never gave that information to police.

**ISSUES AND ANALYSIS**

In his first issue, appellant contends that Officer Carmichael's testimony was inadmissible because Texas Code of Criminal Procedure article 38.072 is unconstitutional. In his second issue, appellant contends that the trial court reversibly erred by admitting hearsay statements of Barbara through the forensic interviewer, Susan Odhiambo. In his third issue, appellant contends that even though appellant was found indigent during trial and on appeal, the cost bill reflects that he was charged $140 for summoning witnesses and mileage in violation of the Confrontation Clause and the Right to Compulsory Process.

## I.    The Constitutionality of Out-of-Court Statements of Sexual Abuse

In his first issue, appellant contends that Texas Code of Criminal Procedure article 38.072 violates his constitutional right to confront and cross-examine the witnesses against him under the Confrontation Clause of the United States Constitution and Article I, Section 10 of the Texas Constitution. Therefore, appellant argues, the trial court erred in admitting Officer Carmichael's testimony concerning

---

[2] Dr. Thompson, who did not interview Barbara, testified generally about the reasons why abused children delay disclosing abuse, including manipulation by the abuser, fear, shame, guilt, or a lack of family support. He also testified that children often have difficulty providing details when they first begin discussing abuse, but over time they are often able to say more about what happened to them.

the complainant's outcry statement that appellant "raped her" by putting his penis in her vagina.

We review a trial judge's decision on the admissibility of evidence for abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.*

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, "the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Texas Constitution provides a similar guarantee that "[i]n all criminal prosecution the accused . . . shall be confronted by the witnesses against him." Tex. Const. art I, § 10. This right extends to "pretrial statements that declarants would reasonably expect to be used prosecutorially." *Crawford v. Washington*, 541 U.S. 36, 61 (2004).

Article 38.072 of the Code of Criminal Procedure, which applies to cases in which the defendant is charged with certain offenses against a child under the age of 14, provides a statutory exception to the rules against hearsay. *See* Tex. Code Crim. Proc. art. 38.072; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The statute allows a complainant's out-of-court statement to be admitted into evidence so long as that statement is a description of the alleged offense and is "offered into evidence by the first adult the complainant told of the offense." *Sanchez*, 354 S.W.3d at 484. A complainant's out-of-court statement is commonly referred to as an "outcry" and an adult who testifies about an outcry is commonly known as an "outcry witness." *Id.*

The trial judge ruled that Officer Carmichael was an outcry witness for purposes of article 38.072 and permitted her to testify about the complainant's outcry. As the statute requires, Barbara also testified at trial. *See* Tex. Code Crim.

4

Proc. art. 38.072, § 2(b)(1)(C)(3). Barbara testified to what she told the officer and the details of appellant's assault, and she was cross-examined by defense counsel.

Appellant acknowledges that the Court of Criminal Appeals has ruled that article 38.072 does not violate the accused's right to confrontation under either the federal or state constitutions. *See Buckley v. State*, 786 S.W.2d 357, 360 (Tex. Crim. App. 1990); *see also Beckham v. State*, 29 S.W.3d 148, 152–53 (Tex. App.— Houston [14th Dist.] 2005, pet. ref'd) (citing *Buckley* and stating that article 38.072 does not violate either the due process guarantee of the United States Constitution or the due course of law provision of the Texas Constitution). Nevertheless, appellant seeks to preserve his argument for possible further review in light of more recent opinions which appellant asserts focus on whether the evidence is testimonial hearsay rather than whether the evidence offered has an "indicia of reliability." *See Davis v. Washington*, 547 U.S. 813, 822 (2006); *Crawford*, 541 U.S. at 68–69. Appellant argues that the issue should be revisited and the statute found unconstitutional under *Crawford* and its progeny.

Given the controlling precedent of *Buckley*, however, we may not consider appellant's arguments. As an intermediate appellate court, we lack the authority to overrule an opinion of the Court of Criminal Appeals. *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) (citations omitted), *aff'd sub. nom., Colyandro v. State*, 233 S.W.3d 870 (Tex. Crim. App. 2007); *see also Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis."). This is true even when intervening developments arguably undermine previous holdings. *See DeLay*, 208 S.W.3d at 605–07.

Had there not been controlling precedent, we would still overrule appellant's

5

claim of error because appellant did not timely and specifically object when the State offered Officer Carmichael's testimony concerning the complainant's outcry, either at the article 38.072 hearing or during trial. Generally, to preserve error for appellate review, a party must make a timely and specific objection in the trial court. Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Preservation of error is a systemic requirement. *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016). Even constitutional rights may be forfeited if a timely and specific objection is not made. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).

Appellant argues that his complaint may be raised for the first time on appeal because the constitutionality of article 38.072 is a structural error that tainted the entire trial. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991) (explaining that some trial errors are "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards"). But, a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Further, a violation of the right to confrontation is an error of constitutional dimension, rather than a structural error, and is subject to a constitutional harm analysis. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *see* Tex. R. App. P. 44.2(a).

Accordingly, appellant has not preserved the issue for review. *See Holland v. State*, 802 S.W.2d 696, 699–700 (Tex. Crim. App. 1991 ("When the State proffers an out-of-court statement of a child witness pursuant to Article 38.072, . . . it is incumbent upon the accused to object on the basis of confrontation and/or due process and due course of law."); *Torres v. State*, 424 S.W.3d 245, 259 (Tex. App.— Houston [14th Dist.] 2014, pet. ref'd) (holding appellant failed to preserve complaint that article 38.072 violated the Confrontation Clause by failing to raise the objection

6

in trial court). We overrule appellant's first issue.

## II.    The Admission of Forensic Interviewer's Testimony

In his second issue, appellant contends that the trial court erred in admitting hearsay and testimony that relied on hearsay from Barbara's forensic interviewer, Susan Odhiambo. Appellant argues that article 38.072's hearsay exception for outcry witness testimony does not apply to Odhiambo's testimony because she was not the first adult Barbara spoke to about the offense. *See* Tex. Code Crim. Proc. 38.072, § 2(a)(3) (requiring child's out-of-court statements to have been made to the first person, other than the defendant, who was 18 years of age or older).

In response to the prosecutor's questions, and without objection, Odhiambo agreed that she was able to establish that Barbara knew the difference between the truth and a lie, that she had promised to tell Odhiambo "only true things," and that Barbara appreciated the significance and the seriousness of the situation. When the prosecutor asked whether Barbara disclosed to Odhiambo that she had been sexually abused, defense counsel lodged a hearsay objection. The prosecutor responded that it was a "yes or no" question that was not asking what Barbara said. The trial court overruled the objection. The prosecutor then proceeded to ask a series of similarly framed questions:

Q.    Okay. Was she able to give general details?
A.    Yes.
Q.    Okay. Was she certain as to who sexually assaulted her?
A.    Yes.
Q.    . . . Was she able to give you a time frame in which this abuse happened?
A.    Yes.
Q.    And did she provide a location of where the act occurred?
A.    Yes.

. . .

Q.  Was she able to give you any sensory details?

A.  Yes.

. . .

Q.  Throughout the interview, was she consistent with where the abuse had taken place?

A.  Yes.

Q.  And consistent with when the abuse had taken place?

A.  Yes.

Q.  And consistent with what had happened to her?

A.  Yes.

Q.  And who committed the abuse?

A.  Yes.

Appellant argues that this testimony, including the cited testimony elicited before defense counsel lodged his objection, was procured using leading questions relying on the complainant's out-of-court statements. Therefore, appellant asserts, all of the testimony was improperly admitted because it was hearsay not subject to any statutory or rule-based exception. *See* Tex. R. Evid. 802 (hearsay is inadmissible absent exception).

Appellant did not object to the line of testimony that continued after the objected-to testimony. As discussed above, to preserve error based on the erroneous admission of evidence, an appellant must make a timely and specific objection. Additionally, an objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury. *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991); *Washington v. State*, 449 S.W.3d 555, 565–660 (Tex. App.— Houston [14th Dist.] 2014, no pet.).

8

Appellant complains about the testimony that was admitted both before and after his hearsay objection. But, because he failed to object to the testimony, obtain a running objection, or get a ruling on his objection outside the jury's presence, appellant has preserved error only as to Odhiambo's affirmative response to the prosecutor's question, "Did [the complainant] disclose to you that she had been sexually abused?" We need not decide whether it was error to admit this testimony, however, because any error was harmless.

The improper admission of hearsay testimony under article 38.072 is nonconstitutional error that is harmless unless the error affected the appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.). An error is harmless if we are reasonably assured that the error did not influence the verdict or had only a slight effect. *See Garcia*, 126 S.W.3d at 927; *Shaw v. State*, 329 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Likewise, the improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *See Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. App. 1991); *Shaw*, 329 S.W.3d at 653 (citing *Nino*, 223 S.W.3d at 754); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

In *Nino*, this court held that any error in the admission of the forensic interviewer's hearsay description of the complainant's outcry statement was harmless when the complainant and his mother each provided substantially the same account of the offense. 223 S.W.3d at 754. Similarly, in *Chapman*, this court concluded that the improper admission of outcry testimony was harmless when the same or similar information was admitted elsewhere at trial. 150 S.W.3d at 814–15. And, when the objected-to witness testimony describing the complainant's statement

9

contained far less detail than the complainant's own testimony about the sexual abuse, this court held any error in the admission of outcry testimony was harmless. *Shaw*, 329 S.W.3d at 653–54.

As in these cases, any error in the admission of Odhiambo's testimony about the complainant's out-of-court statement confirming that she had been sexually abused was harmless, because both Barbara and Officer Carmichael testified about the sexual abuse, and did so in much greater detail. Further, the unobjected-to portion of Odhiambo's testimony supported Barbara's account. Therefore, Odhiambo's challenged testimony was cumulative of evidence admitted elsewhere. *See id*; *Nino*, 223 S.W.3d at 754; *Chapman*, 150 S.W.3d at 815; *see also Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding error in admission of outcry witness's hearsay testimony was harmless when similar testimony was developed and offered without objection from complainant, doctor, and medical records).

Even though the evidence was cumulative, appellant argues that he was harmed because Odhiambo's testimony improperly bolstered Barbara's testimony. According to appellant, Barbara's testimony was not consistent with what she recounted to Officer Carmichael or Odhiambo, because at trial she alleged for the first time that appellant performed oral sex, which was not part of her outcry or her forensic interview. Therefore, appellant asserts, the bolstering effect of Odhiambo's testimony was crucial to the State's case because "the state needed that testimony to offset the inconsistency." Appellant also argues that whether Barbara fabricated the sexual assault allegation was a theme throughout the trial and in closing arguments.

As an initial matter, appellant's argument assumes that all of Odhiambo's testimony was improperly admitted. As we explained, however, appellant preserved error only as to Odhiambo's affirmation that Barbara told her she had been sexually

10

abused by an unnamed individual. Officer Carmichael's testimony, while differing in some details, supported Barbara's testimony that she was sexually abused, and Dr. Thompson explained the circumstances that can cause a child to delay or only partly disclose the details of the abuse. It was for the jury to assess the credibility of the witnesses, including appellant and defense witness Shelyse Brooks, when weighing the evidence. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (stating that the factfinder can chose to believe all, some, or none of the testimony presented by the parties). Further, the prosecutor mentioned Odhiambo's testimony only briefly in closing arguments.

On this record, we conclude that any error did not influence the verdict or had only a slight effect. *See Garcia*, 126 S.W.3d at 921; *Nino*, 223 S.W.3d at 754 *Chapman*, 150 S.W.3d at 814–15. We overrule appellant's second issue.

## III. Unconstitutional Charge in Cost Bill

Lastly, appellant complains that the cost bill is unconstitutional because appellant, who is indigent, was charged $140 for "Summoning Witness/Mileage." Appellant makes an "as applied" challenge to the constitutionality of the fees for summoning witnesses and mileage.

Appellant argues that because he is indigent, requiring him to pay for witnesses at his trial violates his rights to confrontation and compulsory process guaranteed in the United States Constitution and the Texas Constitution. In addition to providing the right to confront witnesses, the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution provide that in all criminal prosecutions, an accused shall have the right to compulsory process for obtaining witnesses in the accused's favor. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see also* Tex. Code Crim. Proc. art. 1.05 ("In all criminal prosecutions the accused . . . shall be confronted with the witnesses against him, and shall have

11

compulsory process for obtaining witnesses in his favor.").

The Code of Criminal Procedure provides that defendants convicted of a felony or misdemeanor must pay fees for various services performed in the case by a peace officer, including $5 for summoning a witness, and 29 cents per mile for mileage required of an officer to perform, and to return from performing, a listed service, including "traveling to execute criminal process, to summon or attach a witness, and to execute process." *See* Tex. Code Crim. Proc. art. 102.011(a)(3), (b). The statute imposes the fees regardless of whether the costs for subpoenas and mileage are incurred by the State or the defense.

An "as applied" challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Faust v. State*, 491 S.W.3d 733, 743 (Tex. Crim. App. 2016); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). When reviewing the constitutionality of a statute, we presume that the statute is valid and that the Legislature acted reasonably in enacting it. *Faust*, 491 S.W.3d at 743–44.

Because a statute may be valid as applied to one set of facts and invalid as applied to a different set of facts, a litigant must show that, in its operation, the challenged statute was unconstitutionally applied to him; that it may be unconstitutional as to others is not sufficient or relevant. *Lykos*, 330 S.W.3d at 910. An "as applied" challenge is brought during or after a trial on the merits, because only then will the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statue or law has been applied in an unconstitutional manner. *Id.*

Appellant argues that requiring an indigent defendant to pay for the State to subpoena its own witnesses against him is "unfair and unconstitutional." Appellant

points to *Cardenas v. State*, in which the Court of Criminal Appeals noted that "[c]onvicted defendants have constructive notice of mandatory court costs set by statute." 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). According to appellant, because he is indigent, this constructive notice of the costs hindered his rights. Appellant argues that as applied to him, he cannot bear the costs associated with the defense of his constitutional rights to confrontation and compulsory process.

As an initial matter, we note that appellant was declared indigent before trial and he is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *London v. State*, 490 S.W.3d 503, 509 (Tex. Crim. App. 2016) (quoting Tex. Code Crim. Proc. art. 26.04). The State does not contend on appeal that a material change in appellant's financial circumstances has changed. Therefore, on this record, the fact and degree of appellant's indigence is established. *See id.* at 509–10.

"[T]o exercise the right to compulsory process, the defendant bears the burden to 'make a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness' testimony would be both material and favorable to the defense.'" *London v. State*, No. 01-13-0441-CR, ___ S.W.3d ___, 2017 WL 2779907, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2017, no pet. h.) (quoting *Coleman v. State*, 966 S.W.2d 525, 528 (Tex. Crim. App. 1998)); *see London*, 490 S.W.3d at 508 (stating that the appealing party generally carries the burden to ensure that the record on appeal is sufficient to resolve the issues presented and failure to provide a sufficient appellate record precludes appellate review of a claim). On appeal, appellant has not identified any material and favorable witnesses he was prevented from presenting at trial. Indeed, the record reflects that appellant issued a subpoena for one witness, Shelyse Brooks, who appeared and testified for the defense. Without a showing that other material, favorable witnesses were available but not called by

appellant due to his constructive notice of the witness and mileage fees, we cannot conclude that the $5 witness fee operated to deny his right to have compulsory process for obtaining witnesses in his favor. *See London*, 2017 WL 2779907, at *2.

Appellant also fails to demonstrate how the statutory fees impaired his right to confront and cross-examine the witnesses against him. *See id.* at *2–3. Appellant provides no argument or legal analysis to support his position other than the conclusory assertion that to require an indigent defendant like him to shoulder the responsibility for summoning witnesses, including those called by the State, is "unfair and unconstitutional." Significantly, the statutory fees are assessed only if, and when, a defendant is convicted. *See* Tex. Code Crim. Proc. art. 102.011(a). Thus, appellant's inability to pay the postjudgment fees could not have prevented him from confronting any witnesses at trial, before the fees were assessed. *See London*, WL 2779907, at *4 (rejecting similar argument and concluding that appellant's "opportunity to confront or cross-examine the State's witnesses was not contingent on his postjudgment ability to pay the witness fees").

On this record, appellant has not met his burden to show that his constructive notice that if convicted he would be assessed the witness and mileage fees had the actual effect, as applied to him, of denying him compulsory process or confrontation of the witnesses against him. *See id.* at *4–5; *see also Lykos*, 330 S.W.3d at 910.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment.

/s/     Ken Wise
        Justice

Panel consists of Justices Christopher, Brown, and Wise.
Publish — TEX. R. APP. P. 47.2(b).

14