**Affirmed and Memorandum Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00531-CR

### ARTHUR ALAN MONTROSS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1435999**

## M E M O R A N D U M   O P I N I O N

Appellant Arthur Alan Montross challenges his first-degree felony conviction for continuous sexual abuse of a child on the grounds that the trial court erred by: (1) allowing outcry testimony from the complainant's mother; (2) excluding on hearsay grounds the complainant's school and medical records; and (3) excluding his expert's testimony about false memories, grooming, and coaching. We affirm.

## Background

Because appellant has not challenged the sufficiency of the evidence, we limit our discussion of the facts of this case to those necessary for context and to address his appellate complaints.

When the complainant, who we will refer to as Alicia, was five years old, she was diagnosed with Asperger's Syndrome.[1] Alicia's mother, Vicki, enrolled her in an elementary school with a specialized program to address Alicia's needs. Beginning in early 2012, Vicki, who had a demanding work schedule, began leaving Alicia before and after school with appellant and his girlfriend. Alicia was seven years old at that time. Appellant was unemployed and appellant's girlfriend worked as a nurse. Alicia was frequently alone with appellant and spent the night at appellant's home on several occasions.

In June 2013, Vicki was assisting eight-year-old Alicia in the shower. During this shower, Alicia disclosed to Vicki that appellant told Alicia that she "needed to keep [her] private really clean." But when Vicki attempted to elicit further information from Alicia, Alicia "shut down" and refused to talk about it. A few days later, as Vicki and Alicia were driving home from a speech therapy session, Vicki inquired again about the circumstances surrounding appellant's instruction to Alicia. This time, Alicia revealed that appellant made those statements while he was naked in the shower with her. Alicia also revealed that appellant touched her on her "private." Vicki contacted the police when the two arrived home.

After making a police report, Vicki took Alicia to the Children's Assessment Center ("CAC"). Alicia did not disclose any sexual abuse during her initial interview at the CAC, but the forensic interviewer concluded that Alicia likely was

---

[1] Alicia was born in 2005.

withholding information. Thus, Alicia participated in additional forensic interviews, during which she described instances when appellant sexually assaulted her numerous times over more than thirty days. The forensic interviewer notified police about the sexual assault allegations, and appellant was indicted for the felony offense of continuous sexual abuse of a child.[2]

A jury found appellant guilty of the offense as indicted. The jury sentenced appellant to thirty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division, and the trial court signed a judgment on the jury's verdict. This appeal timely followed.

## Analysis

### A. Standard of Review

Each of appellant's three issues challenges various evidentiary rulings. We review a trial court's evidentiary rulings for an abuse of discretion. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018); *Neale v. State*, 525 S.W.3d 800, 809 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)). A trial court does not abuse its discretion when its ruling falls within the zone of reasonable disagreement. *Gonzalez*, 544 S.W.3d at 370. Under the abuse-of-discretion standard, we must uphold the trial court's ruling if the record reasonably supports it and it is correct under any legal

---

[2] A person commits the offense of continuous sexual abuse of a child if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

Tex. Penal Code § 21.02(b).

theory applicable to the case. *Neale*, 525 S.W.3d at 809. We may not substitute our judgment for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Even if a trial court errs, we will not reverse the judgment unless the appellant demonstrates that the erroneous evidentiary ruling affected his substantial rights. Tex. R. App. P. 44.2(b); *see Rodriguez v. State*, 546 S.W.3d 843, 861 (Tex. App.— Houston [1st Dist.] 2018, pet. ref'd). An erroneous ruling admitting or excluding evidence affects an appellant's substantial rights "when it has a substantial and injurious effect or influence in determining the jury's verdict." *See Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Thus, if we are reasonably assured that the error did not influence the verdict or had only a slight effect, the error is harmless. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Merrit v. State*, 529 S.W.3d 549, 556 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

Finally, preservation of error is a systemic requirement. *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016). To preserve error for appellate review, the record must show the party raised the issue with the trial court by a timely and specific request, objection, or motion. Tex. R. App. P. 33.1.

## B. Outcry Testimony

In his first issue, appellant asserts that the trial court erred in allowing outcry witness testimony from two witnesses during trial. Specifically, he asserts that the trial court erred in admitting outcry testimony from Alicia's mother, Vicki, because the appropriate outcry witness in this case was the CAC's forensic interviewer.

In the present context, a complainant's out-of-court statement is commonly referred to an "outcry," and an adult who testifies about an outcry is known as "outcry witness." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011).

While such statements are generally hearsay, the Texas Code of Criminal Procedure provides a statutory exception to the hearsay rules in prosecuting certain offenses, including continuous sexual abuse of a child. Tex. Code Crim. Proc. art. 38.072 § 1, 2(b); *Sanchez*, 354 S.W.3d at 484. For an out-of-court statement offered by an outcry witness to come within the statutory exception, the witness must be the first person over the age of eighteen "other than the defendant, to whom the child made a statement about the offense or extraneous crime, wrong, or act." *See* Tex. Code Crim. Proc. art. 38.072 § 2(a); *Sanchez*, 354 S.W.3d at 484. Further, among other requirements not at issue, the trial court must find "in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement. . . ." Tex. Code Crim. Proc. art. 38.072 § 2(b)(2).

The improper admission of outcry testimony under article 38.072 is non-constitutional error subject to harmless error review. *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A trial court's improper admission of outcry evidence does not amount to reversible error if the same or similar evidence is admitted without objection during the trial. *Merrit*, 529 S.W.3d at 556 (citing, *inter alia*, *Shaw v. State*, 329 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd)).

Appellant acknowledges that the improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point during trial. He also concedes that the forensic interviewer, a proper outcry witness, presented without objection the same or similar evidence as presented by Vicki. Further, Vicki's outcry testimony was recorded in the records from the CAC, which were admitted without objection. Also, Alicia provided the same evidence through her testimony. This court has previously held that any error

5

in the admission of outcry testimony is rendered harmless by the admission of the same or similar evidence elsewhere at trial. *See Merrit*, 529 S.W.3d at 556-57; *Nino*, 223 S.W.3d at 754; *Chapman*, 150 S.W.3d at 814-15.

As in these cases, any error in the admission of Vicki's outcry testimony was harmless. Accordingly, we overrule appellant's first issue.

## C. Exclusion of School and Medical Records

In his second issue, appellant complains that the trial court erroneously sustained the State's hearsay objections to Alicia's school and medical records. Appellant sought to introduce the records to show Alicia's "behavioral and development issues," which appellant contends goes to her reliability and credibility. As with the previous issue, we review a trial court's evidentiary rulings for an abuse of discretion. *See Gonzalez*, 544 S.W.3d at 370.

During cross-examination of Alicia's mother, appellant offered into evidence Alicia's medical records and school records. The trial court sustained the State's hearsay and relevance objections to this evidence.

On appeal, although appellant identifies in the record where the trial court excluded these exhibits, he does not present argument or authority demonstrating why the court's exclusionary ruling was error on hearsay grounds.[3] *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Swearingen v.*

---

[3] Appellant appears to claim that the trial court infringed his constitutional right to present a defense by sustaining the State's objections to this evidence. But, as we explain *infra*, several witnesses provided evidence concerning Alicia's Asperger Syndrome diagnosis and her behavioral problems. The exclusion of this evidence did not prevent appellant from presenting his defense and, thus, did not rise to the level of constitutional error. *See, e.g., Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007); *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002).

*State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). Appellant failed to adequately brief this issue.[4]

Moreover, after the trial court sustained the State's hearsay objection to Alicia's school records, Alicia's mother, Vicki, recounted numerous behavioral issues documented through these records, such as Alicia's frequent refusals to perform required work, loudness, inappropriate physical contact with peers, and inappropriate physical contact with adults. Similarly, after the trial court sustained the State's objections to Alicia's medical records, appellant's trial counsel questioned Vicki extensively concerning Alicia's medical history, focusing on her behavioral issues. In fact, several other witnesses testified about Alicia's Asperger's Syndrome and her behavioral issues. Thus, we conclude that any error in the trial court's exclusion of the records was harmless. *See, e.g.*, *Davis v. State*, No. AP-77,031, 2016 WL 6520209, at 34 n.103 (Tex. Crim. App. 2016), *cert. denied*, 137 S. Ct. 2240 (2017) ("[E]ven if the trial judge had erred in excluding this evidence, Davis was not harmed by the judge's ruling because the information Davis sought to impart to the jury was admitted elsewhere.") (citing Tex. R. App. P. 44.2(b); *Brandley v. State*, 691 S.W.2d 699, 707 (Tex. Crim. App. 1985); *Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981)).

Because appellant has not established that the trial court erred in excluding the records, and because the record does not demonstrate harm, we overrule appellant's second issue.

---

[4] The trial court also excluded the records based on the State's relevancy objection. Appellant does not assign error to that ruling in his brief; thus this court may affirm on alternate grounds not addressed in appellant's brief. *See, e.g.*, *Perry v. State*, No. 08-12-00285-CR, 2014 WL 3051020, at *3 (Tex. App.—El Paso July 3, 2014, no pet.) (not designated for publication) (explaining that failure to contest all grounds of trial court's evidentiary ruling results in waiver of issue); *Webb v. State*, No. 01-10-01041-CR, 2012 WL 897766, at *1-2 (Tex. App.—Houston [1st Dist.] Mar. 15, 2012, no pet.) (mem. op., not designated for publication) (same).

**D. Limitation of Defense Expert's Testimony**

In his third and final issue, appellant contends the trial court erred by limiting his expert's testimony. Specifically, appellant claims the trial court improperly limited Dr. Carmen Petzold's testimony regarding "the issues of false memory creation, grooming, and coaching." According to appellant, this limitation negatively affected his "ability to present a meaningful defense in violation of his due process rights."

We review a trial court's decision regarding the admission of expert testimony for an abuse of discretion. *Blasdell v. State*, 470 S.W.3d 59, 62 (Tex. Crim. App. 2015). Texas Rule of Evidence 702 provides that, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Tex. R. Evid. 702. Under this rule, a proponent must prove by clear and convincing evidence that the proffered testimony is reliable and helpful to the jury in deciding the ultimate issue. *Blasdell*, 470 S.W.3d at 62.

The entirety of appellant's argument in support of his third issue, other than identifying the legal standard, consists of the following:

> The trial court held a gatekeeper hearing in this case relating to the proposed testimony of Dr. Carmen Petzold, one of the defense's expert witness. The gatekeeper hearing record is fully contained in RR Vol. 8, and takes up the entire volume. Following the gatekeeper hearing, defense counsel alerted the trial judge that he requested that Dr. Petzold be allowed to testify on the subjects of false memory creation, her review of the records, leading and suggestive questioning practices and procedures, grooming, and coaching. The trial court allowed Dr. Petzold to testify only on the subject of her review of records and leading and suggestive questioning. RR Vol. 9, p. 6, ln 12 through p. 10, ln 15.

8

The improper limitation by the trial court and inability of defense counsel to elicit testimony from Dr. Petzold on the issues of false memory creation, grooming and coaching negatively affected Mr. Montross' ability to present a meaningful defense in violation of his due process rights. Accordingly, Mr. Montross respectively requests that this Court find the trial court erred reversibly and remand for a new trial.

Appellant has not shown that the proffered testimony was either reliable or would be helpful to the jury; in other words, he has not adequately established that the trial court's complained-of ruling was error. *See* Tex. R. App. P. 38.1(i); *Ladd v. State*, 3 S.W.3d 547, 575 (Tex. Crim. App. 1999) ("The Due Process Clause of the Fourteenth Amendment prohibits criminal rules or procedures that offend traditional notions of fair play and substantial justice. However, requiring appellants, even capital appellants, to abide by our published briefing rules and to make reasonable arguments in their own behalf does not offend traditional notions of fair play and substantial justice." (citations and footnote omitted)).

Nonetheless, any error in limiting Dr. Petzold's testimony was harmless. The erroneous exclusion of evidence rises to the level of constitutional error only if the violation "effectively prevents the defendant from presenting his defensive theory." *Walters*, 247 S.W.3d at 221. Absent such a constitutional violation, our inquiry focuses on whether any error in excluding evidence affected the defendant's substantial rights. *See id.* at 218; Tex. R. App. P. 44.2(b).

Here, even if the trial court erroneously ruled that Dr. Petzold's testimony regarding "grooming" was inadmissible, evidence on the topic was later admitted without objection. Dr. Petzold testified before the jury as follows:

> Q. Would you explain what [grooming or predator behavior] are to the jury please?
>
> A. Okay. Well, grooming is a concept that's been around for as long as I've been treating offenders so since 1981 when I started

9

working with my internship supervisor and that term grooming means behavior that a perpetrator would engage in that would cause the child victim or hopeful child victim if you're a perpetrator to get closer to them, to trust them, to want to spend time with them, to like them and so there are a number of different types of behaviors that are or were considered appropriate or in that class of grooming behavior and that would include certainly buying things for the child and doing special things with the child. Sometimes perpetrators might even be willing to marry someone in order to get close to a potential victim. That's the way that grooming has been discussed for at least 25 years. And a few years ago it became apparent to professionals like myself that a lot of those behaviors are so general that they cannot help the triers of fact because most parents, step parents, grandparents, nice aunts and uncles, close physically friends, sometimes scout leaders, sometimes baby-sitters, sometimes youth leaders may take kids to McDonald's, might buy them something with permission from the parent, might do something special with them, might want the child to like them. In other words, those are behaviors that so many of us engage in that cannot be used as a way to discern is this person actually engaged in a sexual offense? Are they engaged in this behavior in order to be able to offend against a child then we might not be able to do anything with anybody or allow our children to go anywhere. So again that behavior was for years considered to be something that might be indicative of offending behavior. Now does that mean that somebody that is a sex offender doesn't do those kinds of things? No doesn't mean that. Just means that behavior alone is not exclusive to sex offenders, that it's not a fact that you can really take into account in trying to make your decision.

Thus, appellant's counsel elicited expert testimony concerning grooming that aided appellant's defense. Any error in the trial court's ruling following the gatekeeping hearing was harmless.

Similarly, Dr. Petzold testified to the underlying principles of false memory, even if she did not specifically label this phenomenon as "false memory." During the gatekeeping hearing, Dr. Petzold explained that false memories may be created through "suggestive interviewing" and testified that the only study regarding false memory involved such suggestive interviewing techniques. Then, before the jury,

10

Dr. Petzold testified, "There is I guess a ton of research and hundreds and hundreds of articles that have been published studies and case studies especially over the last 30 years that have documented how questioning somebody suggestively can actually alter what they remember about an event." She detailed to the jury what suggestive questioning looks like, providing examples and explaining that suggestive questioning generates "a new image in the child's memory." Thus, despite the trial court's ruling prohibiting testimony about "false memories," appellant presented evidence to support his defensive theory that suggestive interviewing caused Alicia's outcry and testimony.

In short, the trial court's ruling limiting Dr. Petzold's testimony neither impacted appellant's ability to present a defense nor had "a substantial and injurious effect or influence in determining the jury's verdict." *See Walters*, 247 S.W.3d at 218-19, 221; Tex. R. App. P. 44.1(b). Accordingly, any error in the trial court's ruling was harmless, and we overrule appellant's third and final issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

11