**Affirmed and Memorandum Opinion filed August 31, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00674-CR

**CLYDE BARRETT ROSS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 84915-CR**

## MEMORANDUM OPINION

A jury found appellant guilty of one count of the third-degree offense of retaliation occurring on June 28, 2018. Tex. Penal Code Ann. § 36.06(a). Appellant pleaded true to two previous felony convictions for possession of a controlled substance. The jury assessed an enhanced punishment of imprisonment for 12 years with no fine. Tex. Penal Code Ann. §§ 12.33, 12.42(a), 36.06(c). In four issues, appellant argues (1) the evidence was insufficient to support his conviction, (2) he received ineffective assistance of counsel, (3) the trial court reversibly erred

by admitting evidence of an extraneous offense, and (4) the trial court reversibly erred by revoking his pretrial bond. We affirm.

## I. BACKGROUND

Berhane Reddy testified that, on June 26, 2018, appellant trespassed on his property, told him "I'm going to kick your African ass," and threatened to kill him. Reddy called 9-1-1 and filed charges against appellant, after which appellant was arrested. According to Reddy, appellant again trespassed on his property on June 28, 2018, and again told Reddy, "I'm going to kick your African ass. I'm going to kill your African ass." During this encounter, appellant, who claimed to be a minister, also stated he was "washed by the blood of Jesus." On July 10, 2018, according to Reddy, appellant again trespassed on Reddy's property and started "cussing" at Reddy. Appellant testified at trial and denied threatening or retaliating against Reddy.

A grand jury indicted appellant on two counts of retaliation, with count 1 alleged to have occurred on or about June 28, 2018 and count 2 alleged to have occurred on or about July 10, 2018. The jury found appellant guilty on count 1 and not guilty on count 2.

## II. ANALYSIS

### A. Evidentiary sufficiency

In issue 1, appellant argues the evidence is insufficient to support the jury's verdict convicting him of retaliation.[1] Specifically, appellant argues the State

---

[1] Penal Code section 36.06(a) provides:

(a) A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act:

    (1) in retaliation for or on account of the service or status of another as a:

        (A) public servant, witness, prospective witness, or informant; or

"failed to show beyond a reasonable doubt that Appellant threatened to harm Reddy on July 10, 2018 after trespassing on Reddy's property in retaliation for Reddy reporting a crime to the police against Appellant." Appellant then makes additional arguments that he did not commit retaliation on July 10, 2018. The jury, however, found appellant not guilty of retaliation on or about July 10, 2018, as charged in count 2 of the indictment. Rather, the jury found appellant guilty of retaliation on or about June 28, 2018, as charged in count 1 of the indictment. By limiting his legal-sufficiency argument to July 10, 2018, appellant leaves unchallenged potential acts of retaliation occurring on other dates, including the date specified in count 1 of the indictment on which his conviction rests.

Moreover, appellant applies an incorrect standard to the legal-sufficiency inquiry. Appellant argues the evidence is insufficient because, according to appellant, the only evidence supporting the verdict was Reddy's testimony. Appellant, however, does not argue that Reddy's testimony itself is legally insufficient to support a finding as to any element of the offense. Instead, appellant argues that other evidence, including appellant's testimony that he did not retaliate against Reddy and evidence contradicting Reddy's testimony that appellant trespassed on Reddy's property on July 10, 2018, "overwhelmingly outweighs the evidence which shows that [appellant] committed [r]etaliation." These arguments misapply the standard used to evaluate the legal sufficiency of the evidence, in which the court considers all the evidence in the light most favorable to the verdict

---

        (B) person who has reported or who the actor knows intends to report the occurrence of a crime; or

    (2) to prevent or delay the service of another as a:

        (A) public servant, witness, prospective witness, or informant; or

        (B) person who has reported or who the actor knows intends to report the occurrence of a crime.

Tex. Penal Code Ann. § 36.06.

and determines whether, based on that evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we may not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the jury, as appellant asks us to do here. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Because appellant has not presented arguments that would allow us to determine whether the evidence is legally insufficient to support his conviction of retaliation as charged in count 1 of the indictment, we overrule issue 1.

## B. Ineffective assistance of counsel

In issue 2, appellant argues he was denied effective assistance of counsel. Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). To prevail on his claims of ineffective assistance of counsel, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88; *Hernandez*, 726 S.W.2d at 55. In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Duncan v. State*, 717 S.W.2d 345, 347–48 (Tex. Crim.

4

App. 1986).

Appellant first contends his trial counsel rendered ineffective assistance because counsel did not ask for a continuance when fifteen witnesses that appellant subpoenaed did not appear in court. Appellant contends that the witnesses would have testified that appellant did not trespass on Reddy's property on July 10, 2018.[2] Appellant, however, cites no evidence for this contention, nor does he cite any evidence showing the witnesses were available.[3] *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, [appellant] must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense.").

Appellant also argues that his trial counsel rendered ineffective assistance by "failing to question the credibility and motive of Deputy Yates and Deputy West," two peace officers involved in this case, "because of the officers' vendetta against him." According to appellant, this "vendetta" stemmed from complaints appellant lodged with the sheriff's department about the two officers. In the face of a silent record,[4] we are unable to discern trial counsel's strategy, thus we will not find deficient performance "unless the challenged conduct was so outrageous that no

_____

[2] Again, we note that appellant was found not guilty of retaliation on or about July 10, 2018.

[3] Indeed, when asked at the evidentiary hearing on appellant's motion for a new trial why the witnesses would not have appeared voluntarily, appellant answered as follows:

> Because they don't like me. And I don't—excuse my French. I don't affiliate myself with them because they are lost and I'm saved. They are alcoholics and they are dope dealers and they are homosexuals and I don't affiliate myself with alcoholics, dope dealers and homosexuals, bisexual people.

[4] The only evidence appellant offered at the evidentiary hearing on appellant's motion for a new trial was appellant's own testimony; appellant did not testify in regard to his trial counsel's strategy in declining to develop the "vendetta" theory.

competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quotation omitted). The conduct alleged here does not meet that standard. It is not clear how a purported "vendetta" by these officers relates to whether appellant retaliated against Reddy, and appellant's counsel may have declined to develop evidence related to the "vendetta" on that basis. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court commonly will assume a strategic motivation if any can possibly be imagined[.]") (quotation omitted). We conclude appellant's trial counsel did not render ineffective assistance by declining to pursue this theory at trial.

We overrule issue 2.

## C. Extraneous offense

In issue 3, appellant argues the trial court committed reversible error by admitting evidence of an extraneous offense. Over appellant's objection, Reddy testified that, before testifying, he encountered appellant when entering the courthouse. According to Reddy, appellant looked him "dead in [the] eye" and said, "I was washed by the blood of Christ and, you know, the Lord is going to save me."

Appellant argues this evidence was not admissible as an extraneous crime, wrong, or act under Texas Rule of Evidence 404(b) because it was not relevant and was substantially more prejudicial than probative. Rule 404(b) provides:

> **(1)** *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2)** *Permitted Uses; Notice in Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or

lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief.

Tex. R. Evid. 404(b). For evidence of other acts to be admissible, (1) the evidence must be relevant to a fact of consequence in the case aside from its tendency to show action in conformity with character, and (2) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.[5] *See id.*; *Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006); *see also* Tex. R. Evid. 401, 402, 403.

Even if the trial court erred by admitting this evidence, any error was harmless. The improper admission of extraneous-offense evidence is reviewed for nonconstitutional error. *See* Tex. R. App. P. 44.2(b); *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). Under this standard, an error is harmless if we are reasonably assured that the error did not influence the verdict or had only a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). The improper admission of evidence is not reversible error if the same or similar

---

[5] The State argues appellant did not preserve his Rule 404(b) complaint. At trial, appellant objected as follows:

> Defense would object, Your Honor. It's unfairly prejudicial. It's also irrelevant. This is the first time I've heard about this matter before I guess we just approached. I think it would prejudice the jury against my client and we ask that it not be allowed.

This objection references the two analyses used to evaluate a Rule 404(b) complaint, relevance and prejudice. *See Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006). In addition, at trial appellant stated that he had not received notice of the testimony, which is required under Rule 404(b) (although we note this was not argued on appeal as a ground for reversal). *See* Tex. R. Evid. 404(b)(2). Finally, the State candidly notes that the prosecutor began his argument for admission of the evidence by stating the evidence "wasn't on the 404" disclosure, suggesting that both the prosecutor and the trial court understood this matter to be one of admission of an extraneous act governed by Rule 404(b). *See* Tex. R. App. P. 33.1(a)(1)(A) (objection preserved when, among other things, "the specific grounds were apparent from the context"). Under these circumstances, we conclude appellant preserved his Rule 404(b) complaint.

evidence is admitted without objection at another point in the trial. *Merrit v. State*, 529 S.W.3d 549, 556 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (citing, *inter alia*, *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991)).

Here, Reddy testified without objection that, when appellant was threatening to "kick his ass" and "kill" him, appellant also said that he was "washed by the blood of Jesus." This is very similar to appellant's statement in the courthouse to Reddy that "I was washed by the blood of Christ and, you know, the Lord is going to save me." Given that Reddy had already testified that appellant had made a very similar statement, we conclude that any error in admitting the courthouse statement was harmless. Tex. R. App. P. 44.2(b); *see Merrit*, 529 S.W.3d at 556.

We overrule issue 3.

## D. Revocation of bond

In issue 4, appellant argues the trial court committed reversible error by revoking his pretrial bond during trial. However, "[i]ssues concerning pre-trial bail are moot after the accused is convicted." *Oldham v. State*, 5 S.W.3d 840, 846 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (quotation omitted) (citing, *inter alia*, *Henriksen v. State*, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973)); *see also* Tex. Code Crim. Proc. Ann. art. 17.01 (defining "bail" to include "a bail bond or a personal bond").

We dismiss as moot issue 4.

### III. CONCLUSION

We affirm the trial court's judgment as challenged on appeal.


/s/    Charles A. Spain
        Justice

Panel consists of Justices Spain, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).