# NO. 12-18-00328-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAKOTA SCOTT WILSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dakota Scott Wilson appeals his conviction for continuous sexual assault of a child. Appellant raises two issues on appeal. We affirm.

### BACKGROUND

In late October 2017, the victim made an outcry to her kindergarten teacher that Appellant committed acts of sexual abuse against her. The victim provided further details and described a separate incident of abuse in a subsequent interview with a Children's Advocacy Center (CAC) forensic interviewer. A specially trained nurse performed a sexual assault nurse examination (SANE) on the victim. During their investigation, law enforcement detectives interviewed Appellant, in which he admitted to conducting acts of sexual abuse against the victim. Appellant was arrested and indicted for continuous sexual assault of a child. Appellant pleaded "not guilty" to the charge and the matter proceeded to a jury trial. The jury found Appellant guilty of the offense and sentenced him to seventy-five years of imprisonment. This appeal followed.

In his first issue, Appellant argues that the trial court erred when it allowed testimony of the forensic interviewer and SANE nurse, because the victim's kindergarten teacher was the only proper outcry witness.

## Standard of Review and Applicable Law

Hearsay is an out-of-court statement offered for the truth of the matter asserted, and is generally inadmissible unless a statute, the rules of evidence, or other rules prescribed under statutory authority provide otherwise. *See* TEX. R. EVID. 801, 802; ***Sanchez v. State***, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011).

Texas Code of Criminal Procedure Article 38.072 allows the admission of a hearsay statement made to an outcry witness by certain abuse victims, including children under the age of fourteen who are victims of a sexual offense. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2019); ***Lopez v. State***, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). Article 38.072, also known as the "outcry statute," applies only to statements made: (1) by the child against whom the offense was allegedly committed, and as is pertinent here, (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a). The statement must be more than words which give a general allusion that something in the area of child abuse is occurring. ***Lopez***, 343 S.W.3d at 140. The statement must be made in some discernable manner and is event-specific rather than person-specific. ***Id.*** Testimony from more than one outcry witness may be admissible if the witnesses testify about different events. ***Id.***

The hearsay exception under Rule 803(4) applies to any statement that: "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." TEX. R. EVID. 803(4). To establish this exception, the proponent of the evidence must show that (1) the out-of-court declarant was aware that the statements were made for purposes of medical diagnosis or treatment, and that proper diagnosis or treatment depended upon the veracity of the statements, and (2) the statements are pertinent to diagnosis or treatment, that is, it was reasonable for the care provider to rely on the statements in diagnosing or treating the declarant. ***Taylor v. State***, 268 S.W.3d 571, 587, 588-89, 591 (Tex. Crim. App. 2008); ***Fahrni v. State***, 473 S.W.3d 486, 497

2

(Tex. App.—Texarkana 2015, pet. ref'd); *Prieto v. State*, 337 S.W.3d 918, 921 (Tex. App.—Amarillo 2011, pet. ref'd).

Regarding the first requirement, unlike statements made to non-medical professionals, which require affirmative evidence in the record on the issue of veracity, courts can infer from the record that the victim knew it was important to tell a SANE nurse the truth in order to obtain medical treatment or diagnosis. *See Franklin v. State*, 459 S.W.3d 670, 677 (Tex. App.—Texarkana 2015, pet. ref'd). With respect to the second requirement, the object of a SANE is to ascertain whether the child has been sexually abused and to determine whether further medical attention is needed. *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd). Consequently, statements describing acts of sexual abuse are pertinent to the medical treatment of a child. *Id.*

**Discussion**

Appellant contends that the victim's kindergarten teacher is the first person to whom she disclosed the abuse. Specifically, the victim's teacher testified as follows:

> [The victim] came up and said, "Can I tell you a secret?"
>
> And I said, "Yes -- yeah, sure." And so she proceeded to tell me that -- that [Appellant] likes to touch her down there, under her panties, and he likes to lick her.
>
> And, you know, at that point, I – you know, I'd never -- never heard any -- a five year old say this.
>
> And -- and I just said, "Is there anything else that you want to tell me?"
>
> And she said that, "He likes to do this," and she kind of made like a humping motion in the air.

Appellant does not challenge the victim's teacher as a proper outcry witness.

The second outcry witness was the CAC forensic interviewer. In contrast to Appellant's contention, she described different instances of sexual abuse from those communicated to the victim's teacher. The interviewer testified as follows:

> Q: What else did she tell you in her forensic interview that you were able to explore with her that [her teacher] did not have a chance to?
>
> A: As far as outcry statements?
>
> Q: Yes.

A: She told me that [Appellant] licked her butt with her clothes off when she was four years old at her grandmother's house in her mom and dad's bedroom. And she told me that she had to lick [Appellant's] wee-wee and that things -- that slobber came out of his wee-wee and that it looked like slime.

Q: And did she tell you how it tasted? Did she tell you that it tasted disgusting?

A: Yes, she told me it tasted disgusting and that it tasted like wee-wee.

This evidence from the forensic interviewer is admissible as its own independent outcry because it pertains to separate acts of sexual abuse. *See e.g., Lopez*, 343 S.W.3d at 140; *Mireles*, 413 S.W.3d at 103; *Broderick v. State*, 35 S.W.3d 67, 74 (Tex. App.—Texarkana 2000, pet. ref'd) (holding child's mother was proper outcry witness to sexual touching while police officer was proper outcry witness to defendant's lick of the child's genitals). Separately, the forensic interviewer mentioned that the victim reaffirmed what she disclosed to her teacher. Specifically, the following discussion occurred:

Q: Okay. So you know that there was an initial outcry that was made and she came to the CAC, and you're aware that she -- you know, the jury has heard those statements from [the victim's teacher] herself, and she reaffirmed or corroborated those in her interview with you, is that correct?

A: Yes.

Appellant does not specifically challenge the admissibility of this testimony in his brief. Rather, his complaint is that the interviewer's testimony concerns the same event that the victim described to her teacher. Furthermore, he did not object at trial to this specific testimony or when the interviewer also stated that "I believe that I asked [the victim] to tell me what she had come to talk to me about and she specified what she had told her teacher in her original statements." Appellant thus failed to satisfy the requirement that he make a timely and specific objection each time the objectionable evidence is offered or obtain a running objection to it. *See Merrit v. State*, 529 S.W.3d 549, 556 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (holding appellant failed to obtain running objection to outcry testimony by forensic interviewer concerning whether victim's statements to interviewer were consistent with other outcry witness's testimony).

In any event, the admission of this portion of the interviewer's testimony is harmless under the applicable non-constitutional harm standard. *See* TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *Merrit*, 529 S.W.3d at 556-57. The interviewer's testimony was brief and she did not expound upon the prior outcry other than to say that the victim

4

reaffirmed the prior outcry, and Appellant does not claim that this testimony improperly bolstered the victim's credibility. Moreover, this evidence is cumulative of evidence admitted elsewhere without objection, namely the teacher's testimony. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove."). Accordingly, even if this particular evidence should not have been admitted, we have fair assurance that it did not influence the verdict or had but slight effect. *See Merrit*, 529 S.W.3d at 557 (holding similar testimony of forensic interviewer harmless).

Finally, Appellant contends that the trial court should have excluded the SANE nurse's testimony wherein she read to the jury her examination notes taken during the exam. The notes reflect the victim's description of the sexual abuse in further detail. The State contends that this evidence is admissible under the hearsay exception for statements made for medical diagnosis or treatment. *See* TEX. R. EVID. 803(4). Appellant does not address the applicability of this hearsay exception in his brief.

The victim here initially remarked that she went to see the nurse for "surgery," indicating an awareness that she would possibly receive medical treatment. The nurse replied that "[N]o, you're not here for surgery. I explained to her that I was here to make sure she was safe and make sure she's healthy and give her a checkup." *See Taylor*, 268 S.W.3d at 589-90 (recognizing "tacit presumption" that children of a sufficient age or apparent maturity will have an implicit awareness that a medical professional's questions are designed to elicit accurate information and that veracity will serve their best interest, and reviewing courts "assay the record, not for evidence of such an awareness, but for any evidence that would negate such an awareness."). Appellant does not point to any evidence suggesting the victim lacked such awareness, and the trial court could have reasonably inferred from the record that the victim was aware her statements were made for the purpose of medical diagnosis or treatment, and she understood that a proper diagnosis depended on the veracity of her statements. *See Beheler*, 3 S.W.3d at 189 (evidence sufficient to support finding seven-year-old child understood need for veracity during SANE exam where process was explained and child was interviewed alone, child knew why she was there, and SANE testified that she interviewed child for purposes of medical exam).

Moreover, the SANE nurse testified about her duties in performing the examination, the importance of gathering a history from the child patient firsthand, and that the purpose of obtaining

this history was for medical diagnosis and treatment and to focus the physical examination on affected parts of the child's body. Therefore, we hold that the State satisfied the requirements of Texas Rule of Evidence 803(4), and trial court properly overruled Appellant's hearsay objection. *See Reed v. State*, 497 S.W.3d 633, 638 (Tex. App.—Fort Worth 2016, no pet.) (holding that SANE's testimony could have been properly admitted under Rule 803(4) and not addressing appellant's argument regarding the propriety of admitting the SANE nurse's testimony under the outcry exception). Appellant's first issue is overruled.

**SUFFICIENCY OF THE EVIDENCE**

In his second issue, Appellant argues that the evidence is insufficient to support the verdict because the State failed to prove the statutory requirement that the acts of sexual abuse took place over more than thirty days and that all of the offense conduct occurred in Smith County, Texas.

**Standard of Review**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead,

6

we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

**Applicable Law**

A person commits the offense of continuous sexual abuse of a child if, during a period of thirty or more days in duration, that person commits two or more acts of sexual abuse against a child younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.02(b) (West 2019). The actor must be seventeen years of age or older when each act of sexual abuse is committed. *Id.* § 21.02(b)(2). Section 21.02(c) defines an "act of sexual abuse" as an act that violates one or more specified penal laws, including the offenses of indecency with a child and aggravated sexual assault of a child. *Id.* § 21.02(c).

A person commits the offense of indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1) (West 2019). In relevant part, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person of any part of the genitals of a child; or (2) any touching of any part of the body of a child with any part of the genitals of a person. *Id.* § 21.11(c).

7

In relevant part, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a child by any means, or causes the penetration of the mouth of a child by the sexual organ of the actor, and the victim is younger than fourteen years of age. *Id.* § 22.021(a)(1)(B)(i), (a)(1)(B)(ii), (a)(2)(B) (West 2019).

The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.); *Lane v. State*, 357 S.W.3d 770, 773-74 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). The location where the sexual abuse occurred is not an element of the offense, and the Legislature did not require that all elements of the offense be committed in one county. *Meraz v. State*, 415 S.W.3d 502, 505 (Tex. App.— San Antonio 2013, pet. ref'd).

**Discussion**

Appellant argues that the evidence shows only a single episode of sexual abuse occurring in October 2017, and that with only one offense, the evidence is insufficient to support the continuous sexual abuse of a child conviction. He also argues that even if we determined that conduct in another county could overcome this issue, the evidence fails to show that the offense completely occurred in Smith County, Texas, and there was no investigation into acts occurring in other counties where Appellant and the victim lived.

The victim told the forensic interviewer that when she was four years old and living at her grandparents' home, Appellant "licked her butt" and made her lick his penis while her mother was at work. The victim told the interviewer that these acts occurred more than once or "all the weeks." *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991) (holding child victim's outcry statement alone sufficient to support conviction for aggravated sexual assault). The victim's mother testified that the victim lived with her grandparents in Lindale, Smith County, Texas for two weeks in February 2017, while the victim was still four years old, and then again from August through the initial outcry in October 2017. The victim turned five years old in June 2017. During Appellant's interview with detectives, Appellant admitted to having the victim lick his penis during the week prior to the interview in late October 2017. *See Pollock v. State*, 405 S.W.3d 396, 402 (Tex. App.—Fort Worth 2013, no pet.) (holding defendant's admission sufficient to support conviction for continuous sexual abuse).

8

Based on this evidence, taken together, the jury could reasonably conclude that Appellant committed at least two acts of sexual abuse against the victim during a period of thirty days or more in duration, and that these acts all occurred in Smith County, Texas. *See* TEX. PENAL CODE ANN. § 21.02; *see also* **Brown**, 381 S.W.3d at 574; **Williams v. State**, 305 S.W.3d 886, 889–90 (Tex. App.—Texarkana 2010, no pet.) (holding that although child could not speak to span of time over which sexual abuse occurred, evidence sufficient based on mother's testimony concerning living arrangements over required statutory period and that abuse happened more than once). Thus, viewing the evidence in the light most favorable to the State, we conclude that the evidence is sufficient to support the jury's findings, beyond a reasonable doubt, that Appellant committed the offense of continuous sexual abuse of a child against the victim. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also* **Brooks**, 323 S.W.3d at 912; TEX. PENAL CODE ANN. § 21.02(b). We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

**GREG NEELEY**
Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

NOVEMBER 27, 2019

NO. 12-18-00328-CR

**DAKOTA SCOTT WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0016-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*