**Affirmed and Opinion filed August 7, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00415-CR
NO. 14-17-00416-CR

## EX PARTE CLINTON ONYEAHIALAM

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1450411-A & 1450412-A**

## O P I N I O N

Pursuant to a plea bargain with the State, appellant Clinton Onyeahialam pleaded guilty to sexual assault of a child and sexual assault and received eight years of deferred-adjudication community supervision for each offense. After the State filed a motion to adjudicate appellant's guilt, appellant filed an application for habeas corpus under article 11.072 of the Texas Code of Criminal Procedure. Appellant claimed that he had received ineffective assistance from plea counsel, rendering his plea involuntary. The trial court conducted a hearing and denied

appellant relief. We affirm.

## I. Background

Appellant originally was charged with engaging in sexual relations with two girls under the age of 17. Appellant was 19 at the time of the alleged offenses, and because one of the complainants was within three years of appellant's age but allegedly was unconscious at the time of the sexual contact, one of the charges was changed to sexual assault.[1] The State asserted that it had a video recording of appellant having sex with one of the complainants and engaging in sexual acts with the other complainant.

Appellant retained counsel to represent him and subsequently pleaded guilty pursuant to a plea agreement under which he would be placed on deferred adjudication for eight years for both offenses to run concurrently. The trial court accepted appellant's guilty plea and sentenced him in accordance with the plea agreement. Appellant signed and initialed the usual waivers and admonishments as well as his guilty plea.

A little over a month after appellant was placed on community supervision, the State filed a motion to adjudicate his guilt, apparently because appellant had explicit pictures on his phone in violation of the conditions set for his community supervision. Appellant then retained habeas counsel who filed an application for writ of habeas corpus, alleging that appellant had received ineffective assistance from his plea counsel. Appellant attached his affidavit and his father's affidavit in support of the application. Appellant stated that he would not have pleaded guilty but for his attorney's allegedly incorrect and ill-informed advice. Appellant's plea counsel also

---

[1] Texas Penal Code section 22.011(e) provides an affirmative defense for prosecution for sexual assault of a child when the alleged perpetrator is less than three years older than the alleged victim and the alleged victim is fourteen years of age or older. Tex. Penal Code § 22.011(e).

apparently filed an affidavit disputing statements made by appellant and his father in their affidavits. Among other things, plea counsel noted in his affidavit that appellant confessed his guilt to the charges and that appellant "and his parent were not prepared financially to try this case."

The trial court held a hearing on the application at which appellant and his plea counsel both testified. In his testimony, appellant denied guilt, explaining that he had had consensual sex with the older complainant and did not have sex with the younger complainant. Appellant further asserted that he had asked to go to trial but counsel told him counsel would need more money in order to go to trial. Plea counsel testified, among other things, that the decision to plead guilty was not based on financial considerations but instead was due to appellant's desire to avoid incarceration.

The trial court denied the application. In its findings of fact, the trial court found that plea counsel's testimony was "credible and reliable" and appellant's testimony was not, appellant instructed plea counsel "to settle the case in a plea negotiation and [not] take the case to trial," plea counsel "was prepared to go to trial if [appellant] had made the choice to go to trial," and appellant was properly admonished and "freely and voluntarily pleaded guilty." The trial court further concluded that appellant failed to demonstrate he received ineffective assistance of counsel or that his "guilty plea was unlawfully induced, made involuntarily, or made without an understanding of the nature of the charge[s] against him and the consequences of his plea."

## II. Standards of Review

### A. Habeas Corpus

The writ of habeas corpus is "an extraordinary remedy" to be used when one

is restrained in one's liberty. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). Article 11.072 of the Code of Criminal Procedure establishes the procedures to apply for a writ of habeas corpus in a criminal case in which the applicant was placed on community supervision. Tex. Code Crim. Proc. art. 11.072, § 1. Unless the trial court determines from the face of an application or documents attached to an application that it must deny the application as frivolous, the court must enter findings of fact and conclusions of law. *Id*. § 7(a).

We review a ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). An applicant seeking post-conviction habeas corpus relief has the burden to establish by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

In reviewing the denial of an application for habeas relief, we examine the habeas record in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The trial court is the sole finder of fact in a post-conviction application for writ of habeas corpus filed under article 11.072. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). As a result, appellate courts have less leeway to disregard the trial court's findings in the article 11.072 context. *Garcia*, 353 S.W.3d at 788. We defer to the trial court's factual findings that are supported by the record. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

**B. Ineffective Assistance of Counsel Claim**

A defendant has a constitutional right to effective assistance of counsel in plea proceedings. *Ex parte Reedy*, 282 S.W.3d 492, 500–01 (Tex. Crim. App. 2009); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10. A guilty plea occasioned by ineffective assistance of counsel is not knowingly and voluntarily entered. *Ex parte Niswanger*, 335 S.W.3d 611, 614–15 (Tex. Crim. App. 2011), *abrogated on other grounds by Cornwell v. State*, 471 S.W.3d 458 (Tex. Crim. App. 2015). A guilty plea that is not knowing and voluntary is invalid. *See N. Carolina v. Alford*, 400 U.S. 25, 31 (1970) (holding that a guilty plea is valid only if it "represents a voluntary and intelligent choice among the courses of action open to the defendant").

When an applicant for habeas corpus relief challenges the validity of a plea entered upon the advice of counsel and contends that counsel was ineffective, the applicant must show that: (1) counsel's advice with respect to accepting a plea offer did not fall within the range of competence demanded of attorneys in criminal cases, and (2) but for the attorney's errors or deficiencies, there is a reasonable probability the applicant would not have pleaded guilty to the charged offense and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010) *Torres*, 483 S.W.3d at 47. We consider the totality of the circumstances in determining whether counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

### III. Discussion

In a single issue, appellant contends that the trial court abused its discretion in denying his application because the record establishes that appellant's guilty plea was involuntary due to the ineffective assistance he received from plea counsel. More specifically, appellant challenges the trial court's finding that plea counsel was prepared to go to trial; appellant insists instead that plea counsel's advice to avoid

trial by pleading guilty was improperly based on financial considerations, i.e., that appellant could not afford to pay counsel through trial, and not on proper strategic considerations.[2]

In support of his argument, appellant relies on (1) the Court of Criminal Appeals opinion in *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005); (2) an affidavit by appellant's plea counsel; and (3) appellant's own testimony. For the following reasons, we do not find that the cited support establishes that plea counsel provided ineffective assistance with respect to appellant's acceptance of the plea offer; that but for counsel's conduct, there is a reasonable probability appellant would not have pleaded guilty; or that the trial court abused its discretion in denying the application. *See Torres*, 483 S.W.3d at 47; *Harrington*, 310 S.W.3d at 458.

***Briggs*.** The applicant for habeas corpus relief in *Briggs* had pleaded guilty to causing the death of her infant son. *Id*. at 460. In her application, she complained among other things that her retained plea counsel had advised her to plead guilty without consulting with medical experts regarding the child's cause of death. *Id*. at 465-66. The original medical examiner's autopsy report had listed the cause as "homicide," but another medical examiner amended the report post-conviction to list the cause of death as "undetermined" and concluded that there was no indication of child abuse. *Id*. at 460-62. Other experts concurred. *Id*. at 462. In his affidavit, the plea counsel in *Briggs* explained that he had requested funds from the applicant for paying the remainder of his retainer and for hiring an expert to review the medical records, but the applicant had been unable to come up with additional money. *Id*. at 466.

---

[2] The State asserts that appellant failed to preserve the argument he makes on appeal by raising it in the trial court. We will assume without deciding that appellant properly preserved the argument he makes on appeal.

The Court of Criminal Appeals rejected the idea that counsel had acted reasonably in light of the lack of funds, concluding that under the circumstances, "the failure by applicant's attorney to take any steps to subpoena the treating doctors, withdraw from the case because applicant's indigency prevented him from providing constitutionally effective assistance of counsel, or request state-funded expert assistance . . . constituted deficient performance." *Id*. at 469. The Court stated that "counsel has an absolute duty to conduct a prompt investigation of the case and explore all avenues likely to lead to facts relevant to the merits of the case" and further emphasized that counsel's decision had been an economic one, based on the client's inability to pay, and not a strategic one. *Id*. at 467 (citing American Bar Association Standards for Criminal Justice).

The Court also concluded that the applicant was prejudiced, because had counsel investigated and informed the applicant of the various medical conclusions, the applicant probably would not have pleaded guilty. *Id*. at 469. Further, the Court noted it was "highly likely" a jury would have found the applicant not guilty based on reasonable doubt concerning the cause of the child's death had the jury been presented with expert testimony regarding the original medical examiner's report. *Id*. at 469-70.

**Counsel's Affidavit.** In the present case, appellant attempts to apply the reasoning in *Briggs* to an affidavit from his own plea counsel.[3] According to

---

[3] Appellant acknowledges that the affidavit in question is not contained in the record on appeal, but he has provided a copy as an exhibit to his brief and states that he has requested a supplemental clerk's record to be prepared containing the affidavit. In its brief, the State concurs that the affidavit was filed with the trial court. For purposes of this appeal, we will assume without deciding that we can consider the affidavit. *See generally Ex parte Medellin*, 223 S.W.3d 315, 358 & n.1 (Tex. Crim. App. 2006) ("We normally do not consider documents that are attached to briefs for the truth of the matters contained within them."), *aff'd sub nom. Medellin v. Texas*, 552 U.S. 491 (2008); *Ex parte Coleman*, 350 S.W.3d 155, 160 (Tex. App.—San Antonio 2011, no pet.) (explaining that appellate review of habeas corpus proceedings is not limited to the testimony and other evidence adduced at the hearing but includes the record as it existed during the time of the

appellant, counsel's statements in the affidavit demonstrate that counsel's plea advice, like that of the attorney in *Briggs*, was based on economic and not strategic considerations. Appellant specifically cites the following passage from counsel's affidavit:

> To the best of my recollection, [appellant] was never happy that a conviction would result in life time sex offender registration program. He asked "if there was any way around it" and my answer was if he was found not guilty if case was tried by jury [sic]. My recollection is that [appellant] and his parent [sic] were not prepared financially to try this case.

Appellant argues that particularly the last sentence indicates an economic basis for counsel's plea advice. Although the sentence in question suggests that finances may have been a consideration for appellant and his parents, it stops short of indicating that counsel's plea advice was based on this factor. In his testimony during the hearing, plea counsel denied that appellant's decision to plead guilty was a financial one. Counsel repeatedly maintained that appellant and his parents' biggest concern was avoiding incarceration and that appellant wanted to plead guilty in order to receive probation. And, counsel affirmed that had appellant wanted to go to trial, "I would have fought this case to the best of my ability." Counsel felt that he had a duty to represent appellant at trial—if that's what appellant wanted to do— regardless of appellant's finances. Counsel also averred that appellant's plea was voluntary and that appellant understood what was required of him and "what he was entering into." As the sole factfinder in a post-conviction habeas corpus proceeding, the trial judge was free to believe plea counsel's direct testimony over any implication that may have arisen from the affidavit. *See, e.g., Torres*, 483 S.W.3d at 42. The trial judge expressly found counsel's testimony to be "credible and

---

hearing); *State v. Ybarra*, 942 S.W.2d 35, 36 (Tex. App.—Corpus Christi 1996, pet. dism'd) (same).

8

reliable."[4]

**Appellant's Testimony.** Appellant additionally points to his own testimony as supporting the notion that plea counsel's advice was based on economics and not strategy, but as the sole factfinder, the trial judge was free to disregard appellant's testimony, and indeed, the court expressly found that appellant's testimony was not credible. *See id.*; *Merrit v. State*, 529 S.W.3d 549, 557 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

**Analysis.** Turning back to the Court's analysis in *Briggs*, it is apparent that the circumstances in that case are readily distinguishable from those in the present case. Whereas the applicant's counsel in *Briggs* acknowledged he did not consult experts because the applicant failed to provide funds to hire experts, plea counsel in this case expressly denied that the plea advice was based on finances. Additionally, the Court's discussion in *Briggs* highlights the significant exculpatory evidence that would have been uncovered had plea counsel in that case pursued alternative means of obtaining expert review or testimony (e.g., subpoenas for treating physicians or state-funded expert assistance). Here, appellant failed to show that plea counsel's advice to accept the State's offer was based on economic rather than strategic reasons. *See Briggs*, 187 S.W.3d at 467-70. Appellant did not identify any exculpatory evidence that plea counsel had overlooked for economic reasons. Appellant acknowledged that he had viewed the State's video evidence showing him

---

[4] Appellant points out portions of plea counsel's testimony that he believes undercut counsel's credibility, including counsel's admission that he never informed appellant that he could get appointed counsel if he could not afford to pay plea counsel to represent him at trial and counsel's apparently incorrect assumption that the trial court had admonished appellant that he would be required to report as a sex offender for the rest of his life. Although the trial judge may certainly have considered these items in weighing counsel's credibility, as factfinder, the judge was free to believe all, some, or none of the testimony presented. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Merrit v. State*, 529 S.W.3d 549, 557 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

having sex with one of the complainants. Unlike in *Briggs,* the evidence here supports the trial court's determinations that appellant did not receive ineffective assistance of counsel and was not prejudiced by any errors or deficiencies of counsel.

### III. Conclusion

Under the totality of the circumstances and viewing the evidence in the light most favorable to the trial court's ruling, we conclude that appellant has failed to meet his burden of demonstrating that (1) counsel's advice did not fall within the range of competence demanded of attorneys in criminal cases and (2) but for the attorney's errors or deficiencies, there is a reasonable probability appellant would not have pleaded guilty to the charged offenses and instead would have insisted on going to trial. *See Harrington*, 310 S.W.3d at 458; *Kniatt*, 206 S.W.3d at 664; *Thompson*, 9 S.W.3d at 813. Accordingly, the trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus, and we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Publish — TEX. R. APP. P. 47.2(b).