**Affirmed and Opinion filed November 23, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00156-CR
## NO. 14-20-00238-CR

## EX PARTE DAVID MARK TEMPLE

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause Nos. 1662171 & 1667270**

## OPINION

Appellant David Mark Temple appeals the trial court's denial of his application for pretrial writ of habeas corpus in cause number 14-20-00156-CR and the trial court's writ of habeas corpus judgment denying the requested relief in cause number 14-20-00238-CR. He contends (1) the trial court abused its discretion in granting a mistrial because it did not result from manifest necessity (therefore barring any further prosecution as required by the double jeopardy provisions of the United States and Texas Constitutions); and (2) a punishment retrial pursuant to Texas Code of Criminal Procedure article 37.07, section 3(c), as

amended in 2005, would violate (a) the *Ex Post Facto* Clauses of the federal and state constitutions, (b) the ban on retroactive laws in the state constitution, and (c) Appellant's right to a jury trial under the federal and state constitutions. We affirm.

## BACKGROUND

Appellant's wife, Belinda Temple, was murdered in 1999. In 2007, a jury convicted Appellant of Belinda's murder and sentenced him to life in prison. Following extensive litigation, Appellant's conviction and life sentence were reversed and a new trial ordered. On June 20, 2019, a second jury trial began. After hearing evidence for several weeks, the jury found Appellant guilty of his wife's murder on August 6, 2019. That same day, the punishment phase of trial began. The State and defense presented their closing arguments on August 7, 2019, and the jury started deliberating thereafter. The court released two of the four alternate jurors (leaving two alternate jurors remaining).

The jury sent a note on August 8, 2019, requesting a break and informing the trial court that it made no progress during two days of deliberation and "could use some counsel from [the court] on how to proceed." The following morning at 10:40 a.m., the trial court received a second note from the jury stating: "Judge: 2 jurors will not deliberate. What should we do?" Appellant's counsel requested that the parties be given an opportunity to address the jury after the court "give[s] a supplemental instruction to the jury." The State objected to Appellant's request but raised the following concern:

> I am concerned about one thing, Your Honor. There is case law where jurors have said that — or where courts have said a refusal to deliberate can lead to disability, so I do have some concern about that. And at this point, I realize I don't think in any way, shape, or form that I'm suggesting to the Court at this point with what we know that

2

the jurors are disabled.  But it certainly sounds like it bears some potential of looking into.

The court denied Appellant's request for additional arguments.  The court read an *Allen*[1] charge and asked the jury to continue deliberations.  In the early afternoon, the jury sent a third note to the trial court.[2]  In the jury's presence, the trial court read the jury's third note, which stated:

> Judge, severe violence has already been done to most of our conscience to even get this far.  We believe it is a total fluke, a one and a thousand chance that this group of jurors was assembled. We know the price a mistrial carries.  We know it will put families through weeks of hell again. But for the sentence, we can and are willing to accept it, it is worth it.  We believe any other jury assembled could do this job properly, and deliver the proper or even reasonable sentence. When two jurors are not willing to budge at all, there is nothing more we can do.  It is best for all families involved, as well as society, to give someone else a try.  We will keep deliberating until you tell us otherwise.

After reading the note, the trial court stated that "based on that very well-written note, it is time that the Court declares a mistrial."  The trial court also stated that it "intend[s] to put this back on the trial docket at the end of March of next year" for a new punishment hearing.  The court signed a "Mistrial (Hung Jury) Order" on August 9, 2019.

Appellant filed an application for pretrial writ of habeas corpus under trial court number 1662171 on January 15, 2020.  He (1) argued that a punishment retrial pursuant to Texas Code of Criminal Procedure article 37.07, section 3(c), as amended in 2005, would violate the *Ex Post Facto* Clauses of the federal and state constitutions, the ban on retroactive laws in the state constitution, and Appellant's

---

[1] *See Allen v. United States*, 164 U.S. 492, 501 (1896).

[2] Before the jury was seated in the courtroom, Appellant "object[ed] to a mistrial at this time."

right to a jury trial under the federal and state constitutions; and (2) asked the trial court to enter an order that Appellant "receive a new trial as to guilt and punishment as the law existed in 1999." After a hearing on February 5, 2020, the trial court denied Appellant's application for writ of habeas corpus. That same day, Appellant filed a notice of appeal from the trial court's order, and the appeal was assigned to this court under appellate number 14-20-00156-CR.

On March 5, 2020, the trial court held a hearing on the State's motion to exclude exonerating or residual doubt evidence at punishment, and the trial court granted the motion. That same day, Appellant filed an application for pretrial writ of habeas corpus under trial court number 1667270, arguing that a punishment retrial was barred by the Double Jeopardy Clause of the federal and state constitutions because the court failed to consider less drastic alternatives before ordering a mistrial. Appellant asked the trial court to bar "further prosecution and dismiss the charges pending against him." The trial court held a hearing on March 13, 2020, and signed a judgment denying the relief requested. Appellant filed a notice of appeal from the trial court's writ of habeas corpus judgment. That appeal was assigned to this court under appellate number 14-20-00238-CR.

On May 18, 2020, Appellant filed an unopposed motion to consolidate the related appeals. This Court granted the motion in an order issued on July 2, 2020.

## ANALYSIS

Appellant raises two issues on appeal. We begin by addressing Appellant's Double Jeopardy Clause argument before turning to his *Ex Post Facto* Clause and retroactive law complaints.

## I. Double Jeopardy

In his first issue, Appellant argues that the trial court abused its discretion by

denying his pretrial application for writ of habeas corpus because the Double Jeopardy Clauses of the United States and Texas Constitutions bar a retrial after a court declares a mistrial when the jury cannot reach a verdict if the court fails to consider *each* reasonable less drastic alternative before making the ruling. Appellant contends he is therefore entitled to an acquittal.

### *Jurisdiction and Standard of Review*

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017). "A defendant may use a pretrial writ of habeas corpus only in very limited circumstances." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). A pretrial writ application is improper when resolution of the question presented, even if resolved in defendant's favor, would not result in immediate release. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). However, a defendant may use a pretrial habeas application to assert his constitutional protections with respect to double jeopardy. *Ex parte Ingram*, 533 S.W.3d at 892; *Ex parte Weise*, 55 S.W.3d at 619.

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see also Ex parte Onyeahialam*, 558 S.W.3d 740, 743 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Ex parte Allen*, 619 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). In making this determination, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Ex parte Onyeahialam*, 558 S.W.3d at 743.

Because Appellant raises a double jeopardy claim, it is cognizable via

5

pretrial habeas corpus and we may address the merits. *See Ex parte Ingram*, 533 S.W.3d at 892; *Ex parte Weise*, 55 S.W.3d at 619.

### *Merits*

Appellant argues that the trial court abused its discretion when it ordered a mistrial that was not based on manifest necessity because the trial court refused to explore "less drastic alternatives", thereby barring a punishment retrial under the double jeopardy protections of the United States and Texas Constitutions. In that regard, Appellant contends (1) he has a "valued right to have his trial completed by a particular tribunal"; (2) "double jeopardy protection applies to a punishment only proceeding if it has all of the 'hallmarks' of a trial";[3] (3) pursuant to Texas Code of Criminal Procedure article 37.07, section 3(c), "[w]hen a jury can not reach a verdict at punishment, and a mistrial is declared, there is no jeopardy"; (4) under article 37.07, section 3(c), his "double jeopardy rights are called into question when a trial court abuses [its] discretion in declaring a mistrial without consideration of all less drastic alternatives"; (5) unless a mistrial is ordered based on manifest necessity, double jeopardy bars his retrial on punishment; and (6) here there was no manifest necessity for a mistrial because the trial court did not determine if the two jurors who refused to deliberate were disabled and the trial court did not allow the parties to make additional arguments to the jury during deliberation.

The State counters that Appellant waived any complaint under the Texas Constitution because he failed to brief and establish that the Texas Constitution provides broader protections than its federal counterpart. Specifically, the State claims that Appellant failed to establish the trial court erred when it denied his

---

[3] *See infra* pp. 9-10.

double jeopardy claims because (1) "[a]lthough double jeopardy attached when the jury was sworn, there can be no violation here because jeopardy never terminated" as there was no acquittal or conviction; (2) "the Double Jeopardy Clause does not extend to Texas' non-capital sentencing regime"; and, alternatively, (3) "a mistrial resulting from a jury's inability to reach a verdict as to punishment is a 'classic basis' to establish manifest necessity."

"The prohibition against double jeopardy is found in the Fifth Amendment to the United States Constitution." *Stephens v. State*, 806 S.W.2d 812, 814 (Tex. Crim. App. 1990) (en banc). The Fifth Amendment's prohibition is fully applicable to the states through the Fourteenth Amendment. *Id*. at 814-15. The protection against double jeopardy also may be found in Article I, section 14 of the Texas Constitution. *Id*. at 814. "Conceptually, the State and Federal double jeopardy provisions are identical." *Id*. at 815. The Texas Constitution provides no greater protection than the United States Constitution regarding double jeopardy except in cases in which the State causes a mistrial. *Id*. Because the state and federal protections against double jeopardy are conceptually identical, we rely on the Double Jeopardy Clause of the United States Constitution in addressing a jeopardy challenge. *Ex parte Navarro*, 523 S.W.3d 777, 780 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Appellant has not established or even briefed that the Texas Constitution provides broader protections than its federal counterpart. *See* Tex. R. App. P. 38.1(i).

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Double jeopardy protects an accused against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.

7

*Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010).

Appellant contends that "double jeopardy protection applies to a punishment only proceeding if it has all of the 'hallmarks' of a trial" and cites *Bullington v. Missouri*, 451 U.S. 430, 439 (1981). Relying on *Bullington*, he asserts double jeopardy applies to the punishment proceeding in this case because the State had "the burden of establishing facts beyond a reasonable doubt" and "the evidence was introduced in a separate proceeding that formally resembled a trial." However, Appellant's assertion is belied by the Supreme Court's pronouncements in *Monge v. California*, 524 U.S. 721 (1998).

There, the Supreme Court reaffirmed that "[h]istorically, we have found double jeopardy protections inapplicable to sentencing proceedings . . . because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" *Id*. at 728 (internal citations omitted). The Court stated that sentencing decisions favorable to a defendant cannot generally be analogized to an acquittal and that when an appeals court overturns a conviction on the ground that the State proffered insufficient evidence of guilt, that finding is comparable to an acquittal and the Double Jeopardy Clause precludes a second trial. *Id*. at 729. "Where a similar failure of proof occurs in a sentencing proceeding, however, the analogy is inapt. The pronouncement of sentence simply does not 'have the qualities of constitutional finality that attend an acquittal.'" *Id*. (quoting *United States v. DiFrancesco*, 449 U.S. 117, 134 (1980)). Specifically, the Supreme Court's statement that its "opinion in *Bullington* established a 'narrow exception' to the general rule that double jeopardy principles have no application in the sentencing context" is determinative here. *Id*. at 730 (quoting *Schiro v. Farley*, 510 U.S. 222, 231 (1994)). In *Monge*, the Court rejected the defendant's argument that the

8

rationale for imposing a double jeopardy bar in *Bullington* "applies with equal force to California's proceedings to determine the truth of a prior conviction allegation." *Id*. at 731-32. The Court explained:

> In *Bullington*, a capital defendant had received a sentence of life imprisonment from the original sentencing jury. The defendant subsequently obtained a new trial on the ground that the court had permitted prospective women jurors to claim automatic exemption from jury service in violation of the Sixth and Fourteenth Amendments. When the State announced its intention to seek the death penalty again, the defendant alleged a double jeopardy violation. We determined that the first jury's deliberations bore the "hallmarks of the trial on guilt or innocence," because the jury was presented with a choice between two alternatives together with standards to guide their decision, the prosecution undertook the burden of establishing facts beyond a reasonable doubt, and the evidence was introduced in a separate proceeding that formally resembled a trial. In light of the jury's binary determination and the heightened procedural protections, we found the proceeding distinct from traditional sentencing, in which "it is impossible to conclude that a sentence less than the statutory maximum 'constitute[s] a decision to the effect that the government has failed to prove its case.'"
>
> Moreover, we reasoned that the "embarrassment, expense and ordeal" as well as the "anxiety and insecurity" that a capital defendant faces "are at least equivalent to that faced by any defendant at the guilt phase of a criminal trial." And we cited the "unacceptably high risk" that repeated attempts to persuade a jury to impose the death penalty would lead to an erroneous capital sentence. . . .
>
> . . . Like the Missouri capital sentencing scheme at issue in *Bullington*, petitioner argues, the sentencing proceedings here have the "hallmarks of a trial on guilt or innocence" because the sentencer makes an objective finding as to whether the prosecution has proved a historical fact beyond a reasonable doubt. . . .
>
> Even assuming, however, that the proceeding on the prior conviction allegation has the "hallmarks" of a trial that we identified in *Bullington*, a critical component of our reasoning in that case was the capital sentencing context. The penalty phase of a capital trial is undertaken to assess the gravity of a particular offense and to

9

determine whether it warrants the ultimate punishment; it is in many respects a continuation of the trial on guilt or innocence of capital murder. "It is of vital importance" that the decisions made in that context "be, and appear to be, based on reason rather than caprice or emotion." Because the death penalty is unique "in both its severity and its finality," we have recognized an acute need for reliability in capital sentencing proceedings.

*        *        *

Moreover, we have suggested in earlier cases that *Bullington*'s rationale is confined to the "unique circumstances of a capital sentencing proceeding."

*Id.* at 730-33.

Thus, *Bullington* does not support Appellant's argument that double jeopardy protections apply to punishment proceedings, bar a punishment retrial in this case, and require an acquittal. Instead, the Supreme Court concluded that double jeopardy does not apply to non-capital sentencing proceedings. *See id.* at 728-34. Further, the Court of Criminal Appeals has affirmatively cited and acknowledged the Supreme Court's holding in *Monge* that double jeopardy protections do not preclude a non-capital sentencing retrial. *See Rollerson v. State*, 227 S.W.3d 718, 730 (Tex. Crim. App. 2007) ("[R]elitigation of the deadly-weapon issue is not barred by double jeopardy because double jeopardy does not apply to sentencing proceedings of a trial for a non-capital offense."); *Allen v. State*, No. AP-74,951, 2006 WL 1751227, at *7 (Tex. Crim. App. June 28, 2006) (not designated for publication) ("The United States Supreme Court has held that double jeopardy protections are inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an 'offense.'"); *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999) (en banc) ("Under the United States Supreme Court's decision in *Monge v. California*, it would not violate federal double jeopardy principles to allow the State 'a second chance to

present its proof of the prior burglary conviction.'"). Our sister courts have also determined that double jeopardy is inapplicable to non-capital sentencing proceedings.[4] We will not hold otherwise.

We also note that contrary to Appellant's assertion, he does not have an absolute or unqualified right to have his trial completed by a particular jury. Appellant cites *Arizona v. Washington*, 434 U.S. 497, 503 (1978), to support his contention that he has a "prized right to have his trial, once under way, completed by a particular trier." However, while acknowledging a defendant's right to have his trial completed by a particular jury, the Supreme Court stated that "'the public's interest in fair trials designed to end in just judgements' must prevail over the defendant's 'valued right' to have his trial concluded before the first jury impaneled." *Id*. at 516 (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)).

We conclude that double jeopardy does not bar a new non-capital sentencing proceeding in this case and Appellant is not entitled to an acquittal.[5] Accordingly, we overrule Appellant's first issue.

## II.    *Ex Post Facto* Clause and Retroactive Law

---

[4] *See Bunton v. State*, 136 S.W.3d 355, 364 (Tex. App.—Austin 2004, pet. ref'd) ("Historically, the double jeopardy protections have been held inapplicable to state sentencing."); *Barnes v. State*, 70 S.W.3d 294, 303 (Tex. App.—Fort Worth 2002, pet. ref'd) ("Double jeopardy principles are generally not applicable to non-capital sentencing proceedings."); *State v. Webb*, 980 S.W.2d 924, 926 (Tex. App.—Fort Worth 1998), *aff'd*, 12 S.W.3d 808 (Tex. Crim. App. 2000) (en banc) ("In other words, double jeopardy protections are inapplicable to sentencing proceedings in a noncapital context."); *see also Machuca v. State*, No. 03-08-00597-CR, 2009 WL 1423993, at *2 (Tex. App.—Austin May 21, 2009, pet. ref'd) (mem. op., not designated for publication) ("This argument fails because the Double Jeopardy Clause does not extend to noncapital sentencing proceedings."); *Turner v. State*, No. 10-02-051-CR, 2003 WL 22023483, at *5 (Tex. App.—Waco Aug. 27, 2003, no pet.) (mem. op., not designated for publication) ("The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution is not applicable in non-capital sentencing proceedings.").

[5] In light of our holding, we need not address any alternative arguments raised by the parties, including whether the trial court abused its discretion in granting a mistrial *sua sponte*.

In his second issue, Appellant contends that applying amended article 37.07, section 3(c) to him violates the (1) *Ex Post Facto* Clause of the United States and Texas Constitutions; (2) ban on retroactive laws in the Texas Constitution; and (3) right to a jury trial under the United States and Texas Constitutions. In that respect, he seems to argue that application of the amended statute to his punishment retrial would deny him the vested right to have a single jury determine both his guilt and punishment, and the right to have the jury consider "exonerating or residual doubt evidence in its determination of [his] punishment."[6]

A pretrial writ of habeas corpus is an appropriate vehicle to assert a facial constitutional challenge to the validity of a statute, but it may not be used to advance an as-applied constitutional challenge to a statute. *Ex parte Ellis*, 309

---

[6] At the time of Belinda's murder in 1999, article 37.07, section 3(c) provided as follows:

> In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach.

Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 2, art. 37.07, sec. 3(c), 1973 Tex. Gen. Laws 883, 972. Article 37.07, section 3(c) was amended effective September 1, 2005, and since that time provides as follows:

> If the jury finds the defendant guilty and the matter of punishment is referred to the jury, the verdict shall not be complete until a jury verdict has been rendered on both the guilt or innocence of the defendant and the amount of punishment. In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. The court shall impanel another jury as soon as practicable to determine the issue of punishment.

Act of May 20, 2005, 79th Leg., R.S., ch. 660, § 2, sec. 3(c), § 4, 2005 Tex. Gen. Laws 1641, 1641 (current Tex. Code Crim. Proc. Ann. art. 37.07, § (3)(c)).

S.W.3d 71, 79 (Tex. Crim. App. 2010). An as-applied challenge is brought during or after a trial on the merits because it is only then that the trial court and appellate courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011).

Pretrial habeas corpus, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Ellis*, 309 S.W.3d at 79. Thus, we must be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate courts at the pretrial stage. *Ex parte Ellis*, 309 S.W.3d at 79. "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d at 619. Accordingly, whether a claim is cognizable on pretrial habeas corpus is a threshold issue that we must address before we may resolve the merits of a claim. *See Ex parte Ellis*, 309 S.W.3d at 79. If a non-cognizable claim is resolved on the merits in a pretrial habeas appeal, the pretrial writ has been misused, and the State can appropriately petition the Court of Criminal Appeals to correct such misuse. *Id*.

Here, Appellant contends that his as-applied claim is available through a pretrial writ of habeas corpus based on the Court of Criminal Appeals' holding in *Ex parte Perry*.

In *Perry*, former Texas Governor Rick Perry argued that the abuse-of-official-capacity statute was unconstitutional as applied because it violated the Texas Constitution's Separation of Powers provision. *Ex parte Perry*, 483 S.W.3d at 890. The court of appeals held that Perry's as-applied claim was not cognizable in a pretrial habeas corpus application. *Id*. at 892. The Court of Criminal Appeals

13

disagreed and concluded that "pre-trial habeas is an available vehicle for a government official to advance an as-applied separation of powers claim that alleges the infringement of his own power as a government official." *Id*. at 898.

We find the facts in this case are distinguishable from those present in *Perry*. *See Ex parte Walsh*, 530 S.W.3d 774, 781 (Tex. App.—Fort Worth 2017, no pet.) (declining to extend the *Perry* holding to defendant's as-applied challenge because, among other things, he was not a government official and his claim did not concern an infringement of governmental power); *Ex parte Paxton*, 493 S.W.3d 292, 303 (Tex. App.—Dallas 2016, pet. ref'd) (declining to hold that pretrial habeas relief was available under *Perry* because defendant's charges did not arise out of his duties as an elected official but from his conduct as a private citizen). The Court of Criminal Appeals in *Perry* reaffirmed that as-applied challenges are not cognizable on pretrial habeas corpus except for very limited exceptions. *See Ex parte Perry*, 483 S.W.3d at 895-98. The court concluded that cases involving criminal charges arising from an elected official's performance of his duties and implicating the separation of powers qualify as such a limited exception. *See id*. at 898. However, Appellant here is a private citizen and not an elected official. And Appellant's charges do not arise out of any duty as an elected official. *Perry*'s narrow holding provides no support for Appellant.

Further, we are not persuaded by Appellant's contention that his as-applied constitutional challenge to the application of article 37.07, section 3(c) constitutes a cognizable claim because the trial court "specifically identified the scope or identifiable exonerating or residual doubt testimony and witnesses that will be excluded from a punishment only trial" when it granted the State's motion to exclude evidence at his new punishment trial. The trial court can easily change its mind, reconsider its ruling, and admit evidence once Appellant offers it at the

14

punishment trial.

We conclude that *Perry* does not provide support for Appellant's contention that his as-applied constitutional challenge is a cognizable claim on pretrial writ of habeas corpus. *See id.* at 895-98. Accordingly, we overrule Appellant's second issue.

## CONCLUSION

We affirm (1) the trial court's order denying Appellant's application for pretrial writ of habeas corpus in cause number 14-20-00156-CR and (2) the trial court's habeas corpus judgment denying the requested relief in cause number 14-20-00238-CR.

/s/     Meagan Hassan
        Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.

Publish — Tex. R. App. P. 47.2(b).